United States District Court
Southern District of Texas
**ENTERED**
May 17, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROGER FOUNTAIN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-3020 |
| | § | |
| OPENDOOR LABS, INC., | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a lawsuit against Defendant in Justice Court for Harris County, Texas for violation of the Telephone Consumer Protection Act (TCPA).[1]  Defendant removed the case to this court and filed a Motion to Dismiss.  ECF 4.  Plaintiff did not file a timely response, but the court extended his time to do so until December 3, 2021.[2]  ECF 14.  Plaintiff missed the December 3, 2021 deadline but after being contacted by the Case Manager filed a one paragraph Amended Petition that asserts it is filed in opposition to the Motion to Dismiss.  ECF 15. Having reviewed the parties' submissions and the law the Court recommends that Defendants' motion be granted unless Plaintiff meets the conditions specified below.

Plaintiff's initial filing in state small claims court was nothing more than a bare bones form asserting a cause of action for "violations of the TCPA."  ECF 1-1 at 4.  This pleading clearly fails to meet federal pleading standards.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough *facts* to state a claim to relief that is plausible on its face." (emphasis added)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." (emphasis added)).  Conclusory statements or legal conclusions like the bare allegation of a statutory violation

---

[1] The District Judge referred this case to this Magistrate Judge for pre-trial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act.  ECF 17.

[2] The court also stayed this case pending ruling on the Motion to Dismiss.  ECF 14.

are not accepted as true for purposes of a motion to dismiss.  *Id.*  Defendant moved to dismiss with prejudice, citing multiple rulings from District Courts in the Fifth Circuit dismissing threadbare TCPA violations.[3]  *See* ECF 4 at 3-4.

Plaintiff's Amended Petition, filed as an untimely Response to the Motion to Dismiss, contains only a few more details than his initial pleading.  He alleges:  "Fountain is listed on the Do not Call Registry.  Specifically, Defendant placed calls and text messages to Fountain on numerous occasions from July 2020 through July 2021.  These calls and text messages were placed in strict violation of the TCPA and the Do Not Call Registry and by using an automated dialer device."  ECF 15 at 1.  Because Plaintiff is proceeding pro se, the Court accepts the Amended Petition as his Response to the Motion to Dismiss.  However, as Defendant points out in its Reply, Plaintiff's Amended Petition does not cure all the deficiencies noted in its Motion to Dismiss.  *See* ECF 16 (noting no allegations of the provision of the TCPA allegedly violated, that the calls were placed to a residential phone number listed on the Do Not Call Registry, that the calls utilized an automatic telephone dialing system as that term is defined in the TCPA, or that the calls fit the definition of telephone solicitations as required by the statute).  While the Court interprets Plaintiff's pro se complaint liberally, the complaint must contain more than "conclusory allegations or legal conclusions masquerading as factual conclusions" to survive a motion to dismiss.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

For these reasons, the Court RECOMMENDS that Defendant's Motion to Dismiss with prejudice be GRANTED unless within 14 days of entry of this Memorandum and Recommendation Plaintiff files an Amended Complaint that alleges enough ***facts*** to state a plausible claim for violation of a specific provision of the Telephone Consumer Protection Act.

---

[3] Defendants also identified 4 other cases filed by Plaintiff around the same time as the current case.  All have been dismissed.  *Fountain v. U.S. Standard Prods. Corp.*, Civil Action No. 4:21cv3043 (dismissed for failure to appear and failure to state claim on November 22, 2021, ECF 8); *Fountain v. Oportun, Inc.*, Civil Action no. 4:21cv2894 (dismissed November 29, 2021 pursuant to Rule 12(b)(6) after Plaintiff failed to file a timely amended Complaint); *Fountain v. Statewide Appeal, Inc.*, Civil Action no. 4:21cv2851 (dismissed January 31, 2022 for failure to state a claim after failing to respond to motion to dismiss); *Fountain v. Viveiros*, Civil Action No. 4:21cv1140 (Fair Debt Collection Practices Act case dismissed on May 14, 2021 by agreement after settlement).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 17, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge